UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In Re: ) | |
| ) | |
| David Eugene Green ) | Case No.   09-34626 |
| Lara Crowder Green ) | |
| ) | |
| Debtors ) | Chapter 11 |

**AMENDED PLAN OF REORGANIZATION OF**
**DAVID AND LARA GREEN**

David E. Green and Lara Crowder Green, by counsel, propose the following amended plan of reorganization:

The plan establishes the following classes and treatments of creditors:

Class 1:  Administrative Claims. There are not expected to be any administrative claims. To the extent there are any, these claims will be paid in full on the Effective Date unless the holder of such a claim agrees to a different treatment.

Class 2:  Priority Claims. These are claims under 11 U.S.C. § 507. There are no claims in this category to the knowledge of the Debtors.

Class 3:  Secured Loans on Greens' Residence at 9537 Heather Spring Drive in Henrico County (First and Second Deeds of Trust)

These claims are unimpaired and the holders thereof therefore are not eligible to vote on this plan because, under 11 U.S.C. § 1126(f), these claims are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required. These claims will be allowed in full and the Greens will reaffirm these obligations. No payments will be made under the plan to these creditors; instead the Greens they will continue to make payments per the terms of the applicable loans. The class consists of Cenlar as successor to Taylor & Bean as to the first deed of trust loan and Citibank as to the second mortgage/credit line.

Class 4:  Secured Loan on 2007 Honda Odyssey Van

This claim is unimpaired and the holder thereof is not eligible to vote on this plan because, under 11 U.S.C. § 1126(f), these claims are conclusively presumed to have accepted the

W. R. Baldwin, III (VSB #16988)
Marchant, Thorsen, Honey, Baldwin & Meyer, LLP
5600 Grove Avenue
Richmond, VA  23226
Voice:  (804) 285-3888
Fax:  (804) 285-7779
Email:  billbaldwin@comcast.net
Counsel for Debtors

plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required..  The claim of American Honda Finance Corp. will be in allowed in full and the Greens will reaffirm these obligations as of the effective date. No payments will be made under the plan to this creditor; instead the Greens will continue to make payments per the terms of the applicable loans.

### Class 5:  Allowed Unsecured Claims

Claims in this class are impaired. The Debtors presently estimate the amount of claims in this class as likely to be ultimately allowed to be $508,000. This class will be paid pro-rata the sum of $60,000. This distribution represents approximately 12% of the anticipated allowed claims but exceeds significantly any possible distribution under chapter 7 of the Bankruptcy Code.

The Greens will retain their interest in their property to the extent not provided to be paid under the plan.

### AVOIDED LIENS

The judgment lien of Wachovia Bank will be avoided in its entirety under 11 U.S.C..§547 as a preferential transfer (judgment docketed within 90 days of the date the Greens filed their petition herein) and under 11 U.S.C. §506 because the value of the property as to which the judgment lien applies is less than the amount owed on the perfected first and second deeds of trust senior to the Wachovia judgment lien.

### Effective Date and Dates of Payments

The Effective Date will be that date which is seven days after the order of the Bankruptcy Court approving this plan becomes legally final. In the event of an appeal, the Greens as debtors reserve the right to perform under this plan unless the appealing party seeks a stay of the execution of the plan and posts bond adequate for this purpose.

On the Effective Date or on an earlier date as the Debtors may determine in their discretion, the Debtors will pay the sum of $20,000 pro-rata to the holders of the allowed unsecured claims. If any claim is then in dispute, such claim will be paid based upon the amount estimated by the Debtors to be the amount of the eventual allowed claim, without prejudice to a "catch-up payment" to be made by the Debtors.

The Debtors will make a "catch up" payment within fifteen days of the entry of an order setting the amount of the allowed claim for any unsecured claim disputed by the Debtors.

The Debtors will make their final plan payment (the amount of $60,000 less plan payments previously made) within not more than fifteen days of the entry of an order setting the amount of the allowed claim for any unsecured claim disputed by the Debtors or at such earlier date as they deem proper.

      To the extent the Debtors fund their plan with payments by exempt retirement assets of David Green, Mr. Green will make all required penalty payments and will make all required income tax and any penalty payments for early withdrawal without effect on the payments to be made to any Class of Creditors herein.

      Respectfully submitted,

      DAVID EUGENE GREEN
      LARA CROWDER GREEN

Dated: May 26, 2011      By:   /s/ W. R. Baldwin, III
                Of Counsel

W. R. Baldwin, III, VSB #16988
Marchant, Thorsen, Honey, Baldwin & Meyer, LLP
5600 Grove Avenue
Richmond, VA  23226
Voice:  (804) 285-3888
Fax:  (804) 285-7779
Counsel for Debtors