UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| David Eugene Green | ) | Case No.   09-34626 |
| Lara Crowder Green | ) | |
| | ) | |
| Debtors | ) | Chapter 11 |
| ------------------------------------------------- | ) | ---------------------------------------- |
| DAVID EUGENE GREEN and | ) | |
| LARA CROWDER GREEN | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. _____ |
| WELLS FARGO BANK, N.A. dba | ) | |
| Wachovia Bank | ) | |
| | ) | |
| | ) | |

**<u>COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER</u>**

David and Lara Green (the "Debtors"), by counsel, under 11 U.S.C. §§ 547(b) and 550(a), and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, respectfully represent:

**Parties, Jurisdiction and Venue**

1. On July 19, 2009 the Debtors filed their petition for reorganization under Chapter 11 of the Bankruptcy Code.

2. The Defendant Wells Fargo Bank, N.A. is the successor by merger to Wachovia Bank, N.A. and still does business under that name.

W. R. Baldwin, III (VSB #16988)
Marchant, Thorsen, Honey, Baldwin & Meyer, LLP
5600 Grove Avenue
Richmond, VA  23226
Voice:  (804) 285-3888
Fax:  (804) 285-7779
Email:  billbaldwin@comcast.net
Counsel for Debtors

3. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is placed in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

CAUSE OF ACTION

6. On April 2, 2009 Wachovia Bank recovered confession of judgment against the Debtors in the Richmond Circuit Court, Case No. CL09001570, on account of their guaranty of the payment of a certain loan from Wachovia to InterWork, Inc., a Virginia corporation.

7. On May 8, 2009 Wachovia docketed an abstract of this judgment in Henrico County, in the sum of $347,853.14, and under Virginia law the docketing of the judgment against the Debtors created a judgment lien against the Greens' jointly owned home residence in Henrico County.

8. Less than ninety days thereafter the Debtors filed their Chapter 11 case.

9. The docketing of this judgment constituted a transfer of an interest of the Debtors in property.

10. The docketing of this judgment arose from and on account of, an antecedent debt owed by the Debtors before said docketing.

11. The docketing of this judgment occurred while the Debtors were insolvent.

12. Unless avoided, the docketing of this judgment would enable the Defendant to receive more from the Plaintiffs than it would have received in a Chapter 7 case had the judgment not been docketed and the Defendant received payment on its claim to the extent provided by Title 11 of the United States Code.

13. Additionally, the property transferred by the docketing of the judgment was in an amount not to exceed $347,853.14 and the Defendant was the immediate transferee of such amount.

WHEREFORE, premises considered, the Debtors pray that this Court enter an order: (i) avoiding the judgment lien of the Defendant under 11 U.S.C. § 547, (ii) alternatively granting judgment against the Defendant in the amount of $347,853.14 or such other amount greater than zero to the extent of the value of the property to which such judgment lien attached, (iii) awarding costs of suit herein; and (iv) such other relief as may be proper.

DAVID EUGENE GREEN
LARA CROWDER GREEN


By:   /s/ W. R. Baldwin, III
           Of Counsel


W. R. Baldwin, III, VSB #16988
Marchant, Thorsen, Honey, Baldwin & Meyer, LLP
5600 Grove Avenue
Richmond, VA  23226
Voice:  (804) 285-3888
Fax:  (804) 285-7779
Counsel for Debtors/Plaintiffs

3